IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06-04031-01-CR-C-NKL |
| ) | |
| ANGIE MARIE ROARK, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On November 1, 2007, Angie Marie Roark ("Petitioner") was sentenced to 120 months imprisonment followed by eight years of supervised release for distribution of cocaine and more than five grams of cocaine base. [Doc. # 40]. Petitioner received the statutorily imposed mandatory minimum sentence for distribution of more than five grams of cocaine base. [Doc. #41, at 3]. *See* 21 U.S.C. § 841(b)(1)(B) (2006). Pending before the Court is a pro se Motion for Guideline Adjustments [Doc. # 42] by Petitioner Angie Marie Roark ("Petitioner") based upon the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) ("Act"). Petitioner argues that because the Act now requires a mandatory minimum sentence of 120 months only in cases involving at least twenty-eight grams of cocaine base instead of merely five, she asks that the Court use its discretion to re-sentence her accordingly. For the following reasons, the Court DENIES the motion.

The Court acknowledges Ms. Roark's good conduct during incarceration. However,

that alone is insufficient to grant the Court authority to modify a term of imprisonment. A court may modify a sentence subsequent to sentencing only in three limited circumstances. 18 U.S.C. § 3582 (2006). The first circumstance requires a motion of the Director of the Bureau of Prisons, which is not present here. § 3582(c)(1)(A). The second circumstance involves application of Rule 35 of the Federal Rules of Criminal Procedure or a statute expressly giving the court authority to modify a sentence. § 3582(c)(1)(B). Rule 35 is not applicable here because there was no clerical error and the government has not moved for a downward departure for substantial assistance. Nor is there a statute which authorizes the Court to modify Petitioner's sentence. The Fair Sentencing Act of 2010 Act contains no express statement by Congress making its terms retroactive or giving the Court authority to reconsider Petitioner' sentence. *See Warden, Lewisburg Penitentiary v. Marrerro*, 417 U.S. 653, 660-61 (1974) (The "general saving clause," 1 U.S.C. § 109 (2006), requires courts to apply the penalties in place at the time a crime is committed except when a new statute expressly provides for its retroactive application. "[T]he saving clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense."). The Eighth Circuit has expressly held that the Fair Sentencing Act of 2010 is not to be applied retroactively. *See U.S. v. Tyler Brown,* 2010 WL 3958760. Therefore the Court is not authorized to rely on the Fair Sentencing Act to modify Petitioner's sentence. The third circumstance applies only to defendants who were sentenced according to the Federal Sentencing Guidelines instead of a statutory minimum sentence. Here, Petitioner's sentence was driven by the statutory minimum which was in place at the time of her

sentence, not the applicable guidelines.

The Court has no authority to modify Petitioner's sentence.

Accordingly, it is hereby ORDERED that Petitioner Angie Marie Roark's Motion for Guideline Adjustments [Doc. # 42 ] is DENIED.

     s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 25, 2010
Jefferson City, Missouri